[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 1, 1996 Date of Application March 1, 1996 Date Application Filed March 1, 1996 Date of Decision November 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven; Docket No. CR7-151250.
John Williams, Esq., Counsel for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
After a trial by jury, the petitioner was found not guilty of the charge of attempted murder (a violation of Connecticut General Statutes §§ 53a-49 and 53a-54a), and guilty of the crime of inciting injury to persons (a violation of Connecticut General Statutes § 53a-179a) a class C felony carrying a penalty of up to 10 years incarceration and up to a $10,000 CT Page 949 monetary fine.
The court imposed a net effective sentence of eight years, execution suspended after four years incarceration, with a period of probation of four years. The petitioner seeks review of this sentence.
The record reflects that a confidential informant provided information to law enforcement authorities that Lenora Ryan, petitioner, was seeking to hire someone to kill her ex-husband, Mr. Ron Rubin.
An undercover police officer posed as a potential "hit man" and contacted the petitioner. The undercover officer and the petitioner met on two occasions and engaged in various telephone conversations during the month of December, 1992. During this period, some of the conversations of the petitioner and undercover officer were recorded. The petitioner did tender the undercover officer an advance of a portion of the monies agreed upon for the "hit".
During the meetings with the undercover officer, the petitioner provided the officer with information and photographs in order to enable the officer to identify Mr. Rubin. Petitioner further suggested the manner in which Mr. Rubin should be killed and wanted his body readily found in order not to impede the anticipated payment of life insurance proceeds to their children.
The trial court imposed the sentence as indicated.
At the hearing before the Division, counsel for the petitioner indicated that at the time of sentencing the petitioner was the mother of four young children, two by the intended victim. Counsel stressed that petitioner had custody of the couple's two children and petitioner anticipated that Mr. Rubin would seek to gain their custody.
The evidence revealed that during the pendency of the couple's bitter divorce proceedings, petitioner said to a confidant words to the effect "I wish he (Rubin) were dead. . . ."
Counsel for petitioner stressed that the petitioner was acquitted of the crime of attempted murder and a review of the sentencing remarks of the prosecution and Mr. Rubin would lead CT Page 950 one to conclude that she was being sentenced for that very crime for which she was acquitted.
Counsel for petitioner indicated that the conviction of petitioner was based "entirely on speech" and that the sentence imposed was unduly harsh for the crime of which she was convicted.
During the hearing before the Division, counsel provided the court with a copy of a transcript of the February 5, 1996 court proceeding, wherein petitioner's counsel brought a motion to strike the pre-sentence investigation report (PSI) based upon the facts that the probation officer who prepared the PSI was a retired member of the Hamden Police Department and that many of the state's witnesses were members of the same agency. Counsel claimed this was an inherent conflict and tainted the objectivity of the report and thereby the PSI "was skewered in favor of the prosecution." The motion was denied.
At the time of sentencing, the petitioner's counsel was allowed to correct/augment the PSI. At the hearing before the Division, the counsel for petitioner indicated that there were significant factual errors in the PSI, factors in the underlying background of the petitioner, factors in favor of leniency: Counsel represented that petitioner's father died when petitioner was very young, and petitioner's mother remarried and the stepfather was emotionally and physically abusive both to his wife and the petitioner.
Counsel went on to discuss the reality of bitter divorce and custody proceedings wherein it is commonplace that the parties utter harsh words at one another.
The petitioner addressed the Division. Petitioner admitted that she said words to the effect that "I wish my ex-husband were dead," and she related that she and her ex-husband said numerous horrible things to each other.
The PSI indicates that the petitioner claims that she was entrapped by law enforcement and the amount of money that was given the "hit man" was simply to pay him for his time and that she was in fear of retaliation by the "hit man" and that she, petitioner, was "an unwilling participant."
The state's attorney countered simply by indicating the CT Page 951 statute of which the petitioner was found guilty makes it illegal to advocate or incite the injury or death of another. That the conduct of petitioner "went beyond mere words."
The trial court in imposing a sentence is not limited to a consideration of the count to which the defendant was found guilty. See State v. Huey, 199 Conn. 121, 127.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq., and Connecticut General Statute § 51-194
et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
O'Keefe, J.
Miano, J., Klaczak, J. and O'Keefe, J. participated in this decision.